UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| STEPHEN WALTER GOULET | ) | |
| | ) | |
| | ) | NO. 2:08-CV-181 |
| | ) | NO. 2:05-CR-08 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM OPINION**

Stephen Walter Goulet ("Goulet" or "petitioner") has now filed two voluminous and unusual pleadings in this matter. The first, filed on June 2, 2008, [Doc. 34], is entitled "This Is A Special Appearance," in which Goulet challenges the jurisdiction of this Court and demands that the "void judgment" be vacated.[1] A second pleading [Docs. 38 & 39] was filed on June 23, 2008, and is entitled only as "Regarding alleged case # cs2-05-cr-08.[2] The opening paragraph of the June 23 pleading states: "The Writ is in the form of a 'Direct attack' and is this Court's last opportunity to correct it's own record to reflect your void judgment, in rendering judgment and arrest warrant without personal jurisdiction . . ." Goulet refers to himself in his pleading as "a state

---

[1] This document was filed by Clerk only in case No. 2:05-CR-08.

[2] This pleading was filed in No. 2:05-CR-08 as Docs. 38 & 39 and was also docketed by the Clerk as a separate action pursuant to 28 U.S.C. § 2255.

Sovereign Citizen" who was "purposefully mis-identified as a subject US citizen."[3] In what he refers to as a "special appearance," he once again seeks to have the prior judgment in his criminal case vacated.

While Goulet's pleadings do not specifically mention 28 U.S.C. § 2255, each seeks vacation of this Court's prior judgment.[4] This Court's only authority to vacate a final criminal judgment is, however, pursuant to 28 U.S.C. § 2255 and the Court will, therefore, treat the matter as one which seeks relief under 28 U.S.C. § 2255.[5] Section 2255 permits a collateral attack on a judgment if "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vunerable to collateral attack . . ." 28 U.S.C. § 2255(b). Since the motion and the record of prior proceedings conclusively establish that the petitioner is not entitled to relief, no evidentiary hearing will be necessary, and the motion will be

---

[3] As noted by the Magistrate Judge when Goulet was initially ordered detained pending trial, Goulet claims to have renounced his United States citizenship and that he is now a citizen of the "Republic of Nevada." See Doc. 11.

[4] None of Goulet's pleadings comply with the requirements of Rule 2 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

[5] Ordinarily, an inartfully drafted post-conviction motion, including motions which are mislabeled or unlabeled, should not be recharacterized as a § 2255 motion for purposes of the bar on successive motions unless the movant is given prior notice of the effect of having the motion recharacterized as a § 2255 motion and afforded the opportunity to withdraw the motion rather than have it so recharacterized. Given that the movant in this case clearly seeks to have his prior judgment of conviction vacated, the Court has not provided prior notice to the petitioner.

DISMISSED. Rule 4, Rules Governing Section 2255 Proceedings For The United States District Courts.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 by adding a time-limit provision for motions by federal prisoners for collateral relief. As amended, § 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to make a motion created by govern mental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)

The petitioner was indicted by the federal grand jury on February 1, 2005, and charged with two (2) counts of failure to pay child support in violation of 18 U.S.C. § 228(a)(3). Pursuant to a Rule 11(c)(1)(C) plea agreement, Goulet pled guilty to both counts of the indictment on May 16, 2005. On August 22, 2005, the Court accepted the

plea agreement and Goulet was sentenced to three (3) years probation, with a special condition of three (3) months of home detention. Judgment was entered on August 26, 2005. No direct appeal was filed.

An unappealed federal criminal judgment becomes final ten (10) days after it is entered. *Sanchez–Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Therefore, petitioner's judgment became final on September 1, 2005. As set forth above, petitioner's motions to vacate were filed in June, 2008, well beyond the AEDPA statute of limitations and neither §§ (2), (3) or (4) of § 2255(f) apply to save petitioner's motion from the bar of the statute of limitations. Accordingly, his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED** and his petition **DISMISSED**.

Even if the petitioner's motion was not time-barred, he supports his contention that his judgment is void with *United States v. Faasse*, 227 F.3d 660 (6th Cir. 2000), in which the Sixth Circuit held that the Child Support Recovery Act ("CRSA") is not a proper exercise of the power of Congress to regulate interstate commerce and will not subject a defendant to criminal liability. However, that panel decision was subsequently vacated and a hearing *en banc* was granted. *United States v. Faasse*, 234 F.3d 312 (6th Cir. 2000). On rehearing *en banc*, the Sixth Circuit, in *United States v. Faasse*, 265 F.3d 475 (6th Cir. 2001), found that subjecting a defendant to criminal liability under the CSRA, for failure to pay child support, is an appropriate exercise of

power by Congress under the commerce clause. Therefore, petitioner's reliance on *United States v. Faasse* is misplaced.

Under 28 U.S.C. § 2253(c)(2), the Court must decide whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificates of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*. at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined the petitioner's claim under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claim was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability as to each issue raised by him.

A separate order will enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE